IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GERALD GENE NILES,**

    Petitioner,

vs.                                                Case No. 4:16cv3-WS/CAS

**FLORIDA DEPARTMENT OF CORRECTIONS,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On or about December 29, 2015, Petitioner Gerald Gene Niles, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner challenges his 1991 conviction and sentence entered by the Second Judicial Circuit, Leon County, Florida. *Id.* Petitioner has paid the filing fee. ECF No. 5.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the

disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show that the petition is an unauthorized successive petition and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner Niles challenges his May 13, 1991, conviction and sentence for first degree murder and grand theft from the Second Judicial Circuit, Leon County, Florida.  ECF No. 1.  Petitioner identifies the trial court case number as 90-2534.  *Id.* at 1.  He raises three grounds.  *Id.* at 5-9.

As this Court has previously indicated, Petitioner Niles has filed other habeas petitions in this Court challenging the same conviction and sentence, all of which have been denied or dismissed: (1) Niles v. Kerley, No. 4:93cv40374-MP (denying Niles' first § 2254 petition); (2) Niles v. Johnson, No. 4:98cv195-RH (summarily denying second § 2254 petition); (3) Niles v. Davis, No. 4:03cv140-SPM (dismissing § 2254 petition as successive); and (4) Niles v. McNeil, No. 4:09cv392-RH/AK (dismissing

§ 2254 petition as unauthorized successive petition). Thus, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A).

This Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition). Nothing indicates Petitioner has obtained authorization to file a successive habeas petition, and Petitioner has previously been advised of this requirement. Therefore, this § 2254 petition challenging Niles' 1991 conviction and sentence from the Second Judicial Circuit, Leon County, is successive and should be dismissed.

## Conclusion

For the reasons stated above, this § 2254 petition is an unauthorized successive petition and this Court does not have jurisdiction to consider it. Accordingly, the petition (ECF No. 1) should be summarily dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any argument as

Case No. 4:16cv3-WS/CAS

to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (ECF No. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on February 8, 2016.

> s/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**